**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

KEVIN LEE ROSS

v. Case No. 24-cv-244-SJM

SCOTT LEE ROSS;
MIKE LEE ROSS

## REPORT AND RECOMMENDATION

Self-represented Plaintiff Kevin Lee Ross filed a Complaint (Doc. No. 1[1]) in this court while he was incarcerated at the Somerset County Jail in East Madison, Maine.[2] In his Complaint, Mr. Ross asserts that e Defendants, who are Mr. Ross's brothers, violated his federal constitutional rights, committed criminal offenses, and are liable to him under Maine state tort law. The Complaint is before the undersigned magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915A(a).

## PRELIMINARY REVIEW STANDARD

In conducting preliminary review under 28 U.S.C. § 1915A(a), the court takes as true the facts asserted in the Complaint, and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the complaint states a claim that is plausible on its face.

---

[1] Mr. Ross made three additional filings in this case, which are docketed as Document Nos. 15-17 which, in part, appear to assert claims for relief. The same three filings were made in a number of cases Mr. Ross filed in this court. See, e.g., Ross v. Woodcock, No. 24-cv-013-LBM (D. Me.) (ECF Nos. 59-61). To the extent claims were asserted in those filings, they were dismissed in the other cases in which they were filed. Accordingly, to the extent Mr. Ross asserts claims in Document Nos. 15-17, the district judge should dismiss those claims as duplicative of claims which the court previously dismissed.

[2] Mr. Ross is now incarcerated at the Allenwood Low Federal Correctional Institution in White Deer, Pennsylvania.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In determining whether a pro se complaint states a claim, the court construes it liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court may dismiss claims if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief might be granted, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b). Applying this standard, the court relates the facts relevant to the claims in this action as set forth in the Complaint.

## BACKGROUND

In 2013, in this court, the United States charged Mr. Ross with one count of possessing child pornography. See United States v. Ross, Crim. Case No. 1:13-cr-158-LEW (D. Me.) ("2013 Criminal Case") (ECF No. 1). On October 21, 2014, a jury found Mr. Ross guilty of that offense. See id. (ECF No. 78). On April 2, 2015, the trial court sentenced Mr. Ross to serve ninety months in federal prison, followed by five years of supervised release. See id. (ECF No. 95). The First Circuit Court of Appeals affirmed Mr. Ross's conviction. See United States v. Ross, 837 F.3d 85, 91 (1st Cir. 2016). The Supreme Court denied Mr. Ross's petition for a writ of certiorari. See Ross v. United States, 137 S. Ct. 485, 486 (2016) (Mem.).

Mr. Ross, upon his release from incarceration, commenced a term of supervised release on or about April 8, 2021. See 2013 Crim. Case (ECF No. 121, at 1). While Mr. Ross was on supervised release, he lived in his late mother's home with his brother, Scott Lee Ross ("Scott"). During that time, Scott called Mr. Ross's probation officer and reported that Mr. Ross had an unauthorized cell phone. Mr. Ross alleges that Scott's report to probation was false. Mr. Ross contends that Scott made the report in an effort to have Mr. Ross removed from the house and

incarcerated, so that Scott and Mr. Ross's other brother, Mike Lee Ross ("Mike") could split their mother's estate (which consisted of, at least, a car, a house, and a $420,000 life insurance policy) two ways, rather than having to share the estate with Plaintiff.

In response to Scott's report, United States Probation Officers ("USPOs") searched Mr. Ross's home. The USPOs discovered a laptop and cell phone containing child pornography. Scott told the officers those items belonged to Mr. Ross. As a result, the court revoked Mr. Ross's supervised release on October 3, 2024, and imposed a twenty-four month prison sentence for the supervised release violations relating to evidence uncovered during the search of Mr. Ross's home. See id. (ECF No. 162).

In addition, the United States charged Mr. Ross criminally with possessing child pornography, for the same conduct underlying his supervised release violation. See United States v. Ross, Crim. Case No. 1:23-cr-073-LEW (D. Me.) ("2023 Criminal Case"). A jury convicted Mr. Ross of that offense after a jury trial. The court sentenced Mr. Ross to 121 months in prison, to be served consecutively to the twenty-four-month sentence imposed for violating his supervised release in the 2013 Criminal Case. The First Circuit Court of Appeals affirmed Mr. Ross's conviction. See United States v. Ross, 171 F.4th 522, 534 (1st Cir. 2026). Mr. Ross is presently serving the sentence imposed in the 2023 Criminal Case.

In his Complaint, Mr. Ross states that Scott and Mike's false statements were at the heart of his 2013 Criminal Case, his 2023 Criminal Case, and his supervised release violation. Mr. Ross further asserts that Scott and Mike: defamed him by telling people lies about him, destroyed and stole Mr. Ross's property, possessed and distributed child pornography, deprived Mr. Ross of his

liberty by falsely accusing him of crimes, made false statements which prevented Mr. Ross from receiving food stamps to which he was entitled, and committed insurance fraud.

## CLAIMS

Liberally construing the Complaint, the court finds that Mr. Ross asserts the following claims for relief in this action:

1. Defendants conspired to violate Mr. Ross's federal civil rights and are liable to Mr. Ross under 42 U.S.C. §§ 1985(3) & 1986, in that they deprived Mr. Ross of his liberty by making false statements which resulted in Mr. Ross's incarceration.

2. Defendants committed criminal acts, some of which caused personal and financial injury to Mr. Ross, including: conspiracy to violate Mr. Ross's civil rights, filing false reports with law enforcement officials, perjury, theft, witness tampering, destruction of property, possessing and distributing child pornography, obstruction of justice, and insurance fraud.

3. Defendants are liable to Mr. Ross under Maine state tort law in that they neglected to prevent harm to Mr. Ross; made statements to others about Mr. Ross which amounted to libel, defamation, and slander; and engaged in conversion of Mr. Ross's property by stealing and/or destroying it.

## DISCUSSION

### I. <u>Conspiracy to Violate Civil Rights</u>

Mr. Ross asserts that the Defendants engaged in a conspiracy to violate his civil rights under 42 U.S.C. § 1985(3)[3] and 42 U.S.C. § 1986.

---

[3] Under 42 U.S.C. § 1985, a conspiracy to violate civil rights may be accomplished in three circumstances. The only circumstance arguably applicable to Mr. Ross's allegations is set forth in § 1985(3), which states:

> **Depriving persons of rights or privileges.** If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities

> [T]o state a claim under § 1985(3), a plaintiff must plausibly allege: (1) a conspiracy, (2) a conspiratorial purpose to deprive a class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege.

Stand With Us Ctr. for Legal Just. v. Mass. Inst. of Tech., 158 F.4th 1, 24 (1st Cir. 2025) (citation omitted), pet. for cert. filed, No. 25-1404 (U.S. June 18, 2026). "Furthermore, a plaintiff may recover only when the conspiratorial conduct of which he complains is propelled by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Id. (internal quotation marks and citations omitted).

Mr. Ross states that his two brothers made false reports about him which resulted in the deprivation of his civil rights. However, Mr. Ross does not assert any facts which suggest that his brothers' conduct was motivated by racial or other class-based discriminatory intent. Accordingly, he failed to state a claim under § 1985(3) upon which relief might be granted. And, because a

---

> under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

plaintiff cannot state a § 1986 claim without first plausibly pleading a conspiracy under § 1985(3), he failed to state a claim under § 1986 upon which relief might be granted. See Stand With Us Ctr. For Legal Just., 158 F.4th at 24. Accordingly, the district judge should dismiss Mr. Ross's claim, identified above as Claim 1, alleging that Defendants conspired to deprive him of his civil rights under § 1985(3) and § 1986.

## II. Criminal Conduct

In the claim identified above as Claim 2, Plaintiff alleges that certain actions taken by Scott and Mike constituted criminal conduct. In general, a plaintiff does not have standing to bring claims in a civil case arising out of criminal misconduct. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly, the claim identified above as Claim 2 is not cognizable in this action, and the district judge should dismiss that claim.

## III. State Law Tort Claims

In the claim identified above as Claim 3, Mr. Ross asserts that Defendants are liable to him under state tort law for the alleged conduct which upon which his federal claims are based. As discussed above, the undersigned magistrate judge finds that Mr. Ross's Complaint does not state any federal claim upon which relief might be granted. Accordingly, the district judge should decline to exercise supplemental jurisdiction over Mr. Ross's claims arising under state tort law, without prejudice to his ability to litigate those claims in state court. See 28 U.S.C. § 1367.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss this action in its entirety. The dismissal should be without prejudice to Mr. Ross's ability to pursue his state law claims in a state court of competent jurisdiction.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

Talesha L. Saint-Marc
United States Magistrate Judge

August 19, 2026

cc: Kevin Lee Ross, pro se